JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R.App. P. 34(a)(2); D.C. CIR. R. 34(j). It is
ORDERED and ADJUDGED that the judgment of the District Court be affirmed.
Responding to reports of gunshots, two police officers came upon Everette Hayes, naked, wielding a nine-millimeter Beretta pistol. Hayes was subsequently convicted of being a felon in possession of a firearm. Hayes challenged his conviction, arguing that his trial counsel was ineffective in failing to introduce cell phone records to corroborate his claim that he was carrying a cell phone rather than a gun during his encounter with the police. Hayes’ argument is unpersuasive: Two officers saw Hayes holding the gun, one officer testified to having been shot at by Hayes, and the police later recovered a gun from the scene. In light of that evidence, there was no “reasonable probability” that “the result of the proceeding would have been different” if Hayes’ counsel had sought to introduce his cell phone records. Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
*106 Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing en banc. See Fed. R.App. P. 41(b); D.C. CiR. R. 41.